UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY J. PALMER,

        Plaintiff,

  -against-

OAKFIELD-ALABAMA CENTRAL SCHOOL
DISTRICT, LYNN GEHLERT, and JOHN
FISGUS,
        Defendants.

**COMPLAINT**

Civ. No.:

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Nancy J. Palmer, by her attorneys, Burke, Scolamiero & Hurd, LLP, as and for her complaint against defendants Oakfield-Alabama Central School District, Lynn Gehlert, and John Fisgus, allege as follows, upon information and belief:

## NATURE OF THE ACTION

1.    Plaintiff complains pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law (NYSHRL), New York State Executive Law § 296, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 *et seq.*  Plaintiff seeks damages to redress the injuries plaintiff has suffered as a result of being discriminated and retaliated against on the basis of plaintiff's age (62) and her disability (high risk of COVID-19).  Plaintiff also sues for retaliation due to her filing a complaint of discrimination.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under 29 U.S.C. § 626(c) and 28 U.S.C. §§ 1331, and 1343 as this action arises under the laws of the United States and is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

3.      This Court has supplemental jurisdiction over the claims plaintiff has brought under New York State law pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred therein.  Additionally, upon information and belief, this is the judicial district in which any defendant arises.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed a charge with the New York State Division of Human Rights on March 15, 2022.   The charge was also filed with the Equal Employment Opportunity Commission (EEOC).

6.      Plaintiff requested a right to sue notice from the EEOC on September 1, 2022. Plaintiff has not yet received the right to sue letter from the EEOC.

7.      Thus, this action is commenced no later than 90 days after receipt of the notice from the EEOC.

## PARTIES

8.      At all times material, plaintiff was and is a resident of Genesee County, New York.

9.      At all times material, plaintiff was 62 years old at the time the within claims arose.

10.     At all times material, defendant Oakfield-Alabama Central School District (the District) is a municipal corporation, operating in and existing under the laws of the State of New York, with a principal place of business located at 7001 Lewiston Road, in Oakfield, New York, in the County of Genesee, New York, 14125.

11.     At all times material, the District was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e.

12.     At all times material, the District had 15 or more employees for each working day in each of 20 or more calendar weeks in 2020.

13.     At all times material, the District had 15 or more employees for each working day in each of 20 or more calendar weeks in 2021.

14.     At all times material, the District had 15 or more employees for each working day in each of 20 or more calendar weeks in 2022.

15.     At all times material, the District is plaintiff's employer under the ADEA.

16.     At all times material, the District is plaintiff's employer under the NYSHRL.

17.     At all times material, the District is plaintiff's employer under the ADA.

18.     At all times material, defendant Lynn Gehlert is and was the elementary school principal for the District.

19.     At all times material, defendant Gehlert was plaintiff's supervisor and had the ability to make decisions regarding the terms and conditions of plaintiff's employment. Defendant Gehlert is being sued herein in her official and individual capacities.

20.     At all times material, defendant Gehlert has and had the ability to terminate plaintiff.

21.     At all times material, defendant John Fisgus is and was the Superintendent of Schools for the District.

22.     At all times material, defendant Fisgus was plaintiff's supervisor and had the ability to make decisions regarding the terms and conditions of plaintiff's employment. Defendant Fisgus is being sued herein in her official and individual capacities.

23.     At all times material, defendant Fisgus has and had the ability to terminate plaintiff.

24.     At all times relevant hereto, plaintiff was an employee of the District.

## MATERIAL FACTS

25.     Plaintiff began her employment with the District in August 2000 as an elementary educator.

26.     At all times material, plaintiff was an above satisfactory employee that performed her duties without performance issues.

27.     At all times material, plaintiff was qualified to perform the duties of her employment.

28.     For purposes of the Americans with Disabilities Act, plaintiff was a qualified individual.

29.     For purposes of the Americans with Disabilities Act, defendant District is a covered entity, which is defined in 42 U.S.C. § 12111(2) as "an employer, employment agency, labor organization, or joint labor-management committee."

30.     Indeed, during her twenty-two years of employment, plaintiff received several raises.

31.     At the time of this action, plaintiff held and holds the position of elementary librarian and earned approximately $84,000 annually, plus benefits.

32.     Plaintiff's job duties and responsibilities consisted of organizing and managing the elementary school library for the District, abiding by New York State Department of Education compliance requirements for the library, teaching library classes to elementary school students, and managing all aspects of the elementary library administration.

33.     Plaintiff's date of birth is August 13, 1960.

34.     Plaintiff was 56-62 years of age during the events and incidents alleged in this complaint.

35.     Plaintiff has a disability which consists of respiratory issues causing her to have a high risk of potential COVID-19 exposure.

36.     Plaintiff has a significantly higher risk of severe infections or death from COVID-19.

37.     Because of this disability, plaintiff herself must wear a mask whenever she is in the presence of students.

38.     Upon information and belief, plaintiff has had a disproportionately heavy workload compared to other special area teachers at the District, all of whom are age 55 or younger.

39.     Specific concerns in plaintiff's disproportionately heavy workload include: significantly more classes to teach, responsibilities to supervise more students, insufficient time for managing and administering the elementary library at the District.

40.     Plaintiff has had a greater number of allocated classes where she is teaching/working with students compared to other special area teachers in the District.

41.     Plaintiff's workload has gotten disproportionately larger with each passing year since the 2013-2014 school year, the year following when plaintiff started working in the library classroom at the District.

42.     At the start of her time in the library, there was an aide working in the library with plaintiff to help shelve books.

43.     However, after plaintiff's second year, when defendant Gehlert took responsibility for the scheduling of the aides as a "teacher on special assignment," defendant Gehlert trimmed down plaintiff's aide time to 15 minutes every other day.

44.     In the following school year, upon information and belief, defendant Gehlert eliminated the aide work in the library altogether.

45.     Plaintiff made annual requests for aide assistance in the library, and each time, defendants refused to provide any help.

46.     On or about September 10, 2021, plaintiff was falsely accused of discussing her political beliefs concerning COVID-19 and masking.

47.     Plaintiff had a meeting with defendants Gehlert and Fisgus, which resulted in a counseling memorandum being written up in plaintiff's employment file.

48.     On or about February 9, 2022, plaintiff received another meeting with defendants Gehlert and Fingus.

49.     Plaintiff was falsely accused of speaking to library students about her personal "political beliefs."

50.     Plaintiff was falsely accused of stating specifically that the "number of COVID deaths are lower because of being vaccinated and wearing masks."

51.     Plaintiff refuted these allegations, explaining that she merely asked an elementary school student to lift her mask over the student's nose.

52.     Nevertheless, another counseling memorandum was entered into plaintiff's employment file.

53.     At that meeting with defendants Gehlert and Fisgus, plaintiff attempted to address her concerns about her class schedule, specifically, that having 6-8 library classes daily did not allow her to carry out her responsibilities to maintain all the works in the library pursuant to NYSED requirements.

54.     Defendant Gehlert responded to plaintiff that she did not care about that, that it was not her concern, and that she did not want to hear about it.

55.     Plaintiff was additionally spoken to in front of her colleagues in an intimidating and deprecating manner by defendant Gehlert.

56.     Because plaintiff's class schedule has become so disproportionately intense, and there are so many tasks to complete in the elementary library, plaintiff almost always had to work through her entire lunch break, and stay late (usually 60 minutes or more) after her contracted time every day for more work most of the days she worked.

57.     Due to plaintiff's increasingly overburdensome scheduling requirements, specifically that her classes begin approximately 30 minutes before other special area teachers in the District's begin, she has not been able to attend special area monthly meetings for more than a few minutes, if at all.

58.     Defendants repeatedly refused, despite plaintiff's repeated request for intervention, to review plaintiff's concerns about her schedule.

59.     At a board of education meeting in approximately February 2022, there was open recorded discussion concerning if anyone would retire and who that might be, in order to free up needed funds for the District.

60.     On March 15, 2022, plaintiff made a complaint to the Division of Human Rights that it was unfair that she had to work substantially more hours with students with significantly less time to maintain the library as required by her job description, and work outside of her contract hours without any increase in pay.

61.     None of the other elementary education teachers, who were younger than plaintiff (approximately 52-53 years of age or younger) had the same responsibilities for their employment.

62.     Plaintiff's complaint of age discrimination constituted protected activity.

63.     On or about October 25, 2022, plaintiff had another meeting with defendants Gehlert and Fisgus.

64.     Plaintiff was told this meeting was not disciplinary in nature.

65.     Defendants Fisgus and Gehlert explained to plaintiff that the District had hired a full-time teaching assistant, and that all responsibilities concerning teaching and planning had been stripped from plaintiff, when in fact plaintiff was supposed to be planning classes as part of her contract with the District.

66.     Defendants Fisgus and Gehlert orally stated at this meeting that plaintiff was not to provide any assistance to the teaching assistant the District had hired.

67.     Previous to this meeting, a parent of a student at the District sent plaintiff an email, raising issues about the elementary library.

68.     During this meeting with defendant Fisgus and Gehlert, they directed plaintiff not to respond to the parent's complaint.

69.     The parent's complaint impliedly blamed plaintiff for perceived shortcomings in library protocols, all of which were the fault of the District.

70.     Shortly after the October 25, 2022 meeting with defendants Gehlert and Fisgus, plaintiff appeared for her first-period keyboarding class.

71.     The teaching assistant from the District was late for that class.

72.     Ultimately, she showed up with the District's high school librarian.

73.     Neither the teaching assistant nor the high school librarian, consistent with defendants Gehlert and Fisgus's oral instructions, knew what the lesson was for that keyboarding class.

74.     Neither the teaching assistant nor the high school librarian, consistent with defendants Gehlert and Fisgus's oral instructions, knew what the lesson plan was for two other keyboarding classes conducted on that day.

75.     Upon information and belief, there was no good-faith reason for the District to remove teaching and lesson planning responsibilities from plaintiff based on her complaints about the number of her classes.

76.     Further, it is clear that plaintiff's good-faith complaint regarding the terms of her employment, was part of defendants' decisions to engage in further rude behavior towards plaintiff.

77.     Based on defendants Gehlert's and Fingus's actions towards plaintiff, it is clear that they had discriminatory and retaliatory animus that substantially contributed to their decision to materially alter the terms and conditions of plaintiff's employment.

78.     Defendants Gehlert's and Fisgus's purported efforts to assist plaintiff with her teaching responsibilities were a pretext for discrimination.

79.     Defendants knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

80.     But for plaintiff's age, disability, and her complaint of discrimination, defendants would not have taken adverse employment actions against plaintiff, including, but not limited to, having disproportionately large schedules hours beyond those of her similarly situated special area colleagues, as well as removing plaintiff's teaching responsibilities following her complaint of discrimination.

81.     Defendants treated plaintiff this way solely due to plaintiff's age (62), her complaint of discrimination, and her disability.

82.     Defendants acted intentionally and intended to harm plaintiff.

83.     As a result of defendants' actions, plaintiff feels extremely humiliated, offended, disgusted, degraded, victimized, embarrassed, and emotionally distressed.

84.     Defendants' actions and conduct were more likely than not caused by a discriminatory and retaliatory intent and intended to harm plaintiff.

85.     As a result of the acts and conduct complained of herein, plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation.

86.     As a result of the acts and conduct complained of herein, plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff further experienced severe emotional distress.

87.   Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

88.   As such, plaintiff demands punitive damages as against all defendants, jointly and severally.

89.   Further, plaintiff is entitled to liquidated damages in an amount to be determined at trial, because defendants willfully violated the ADEA, the ADA, and the NYSHRL, by discriminating and retaliating against plaintiff.

90.   The defendants are jointly and severally liable for all employment violations suffered by plaintiff.

## AS AND FOR A FIRST CLAIM

### (Under the ADEA as against all defendants)

91.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the preceding paragraphs of this complaint.

92.   The ADEA, at 29 U.S.C. § 623(a), titled "Employer Practices," provides that:

It shall be unlawful for an employer—

(1) To fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) To limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) To reduce the wage rate of any employee in order to comply with this chapter.

93.   Defendants violated the section cited as set forth.

94.   Further, defendants' discrimination against plaintiff due to plaintiff's age (62) constitutes a willful violation of 29 U.S.C. § 626(b).

## AS AND FOR A SECOND CLAIM

### (Retaliation under the ADEA as against all defendants)

95.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the preceding paragraphs of this complaint.

96.    In violation of 29 U.S.C. § 623(d) *et seq.*, defendants retaliated against plaintiff for objecting to and complaining of age discrimination in the workplace.

97.    The defendants violated the section cited as set forth.

98.    Further, the defendants' discrimination against plaintiff due to plaintiff's age (62) and complaint of age discrimination constitutes a willful violation of 29 U.S.C. § 626(b) and defendants are thus liable for liquidated damages.

## AS AND FOR A THIRD CLAIM

### (Discrimination under the ADA as against all defendants)

99.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the preceding paragraphs of this complaint.

100.   42 U.S.C. § 12112(a) provides: "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

101.   The defendants violated the section cited as set forth.

## AS AND FOR A FOURTH CLAIM

### (Retaliation under the ADA as against all defendants)

102.   42 U.S.C. § 12203(a) provides: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter

or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

103.    42 U.S.C. § 12203(b) provides:

[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise of enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

104.    The defendants violated the sections cited as set forth.

## AS AND FOR A FIFTH CLAIM

### (Violation of the New York State Human Rights Law as against all defendants)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

106.    New York State Executive Law § 296(1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer . . . because of an individual's age [or] . . . disability . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

107.    Defendants violated the section cited as set forth.

## AS AND FOR A SIXTH CLAIM

### (Retaliation under the New York State Human Rights Law as against all defendants)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

109.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice "[f]or any person engaged in any activity to which this section applies to

retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

110.    Defendants violated the section cited as set forth.

## AS AND FOR A SEVENTH CLAIM

### (Aiding and Abetting Under the New York State Human Rights Law as against defendants Gehlert and Fingus)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the preceding paragraphs of this complaint.

112.    New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "[f]or any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

113.    Defendant Gehlert engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

114.    Defendant Fingus engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

## JURY DEMAND

115.    Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, plaintiff respectfully requests a judgment against defendants:

A.      Declaring that defendants engaged in unlawful employment practices prohibited by the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, the New York State Human Rights Law, the New York State Executive Law §§ 296 *et seq.*, in that defendants discriminated against plaintiff based on plaintiff's age (62) and complaint of age discrimination,

and engaged in adverse employment actions and discriminated against plaintiff in the terms and conditions of her employment based on her age and disability, violated the Americans with Disabilities Act, 42 U.S.C. § 12203(a), by discriminating against the plaintiff based on her disability, and retaliated against the plaintiff;

B.      Awarding damages to plaintiff for all lost wages and benefits resulting from defendants' unlawful discrimination and conduct and to otherwise make plaintiff whole for any losses suffered because of such unlawful employment practices;

C.      Awarding plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to plaintiff's reputation in an amount to be proven;

D.      Awarding plaintiff damages for past and future loss of income, the loss of a salary, bonus, benefits, and other compensation, which such employment entails;

E.      Awarding plaintiff punitive damages;

F.      Awarding plaintiff liquidated damages;

G.      Awarding plaintiff prejudgment interest;

H.      Awarding plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

I.      Awarding plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy defendants' unlawful employment practices.

Dated:  December 9, 2022

BURKE, SCOLAMIERO & HURD, LLP

By: _____
JEFFREY EARL HURD, ESQ.
*Attorneys for Plaintiff*
Bar Roll No. 506930
7 Washington Square
P.O. Box 15085
Albany, New York 12212
Telephone Number: (518) 862-1386
Our File Number:  6245.001

TO:    Oakfield-Alabama
        Central School District
        7001 Lewiston Road
        Oakfield, New York 14125

        Lynn Gehlert
        Elementary Principal
        7001 Lewiston Road
        Oakfield, New York 14125

        John Fisgus
        Superintendent of Schools
        7001 Lewiston Road
        Oakfield, New York 14125