UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY J. PALMER,

                      Plaintiff,

v.

OAKFIELD-ALABAMA CENTRAL SCHOOL DISTRICT, LYNN GEHLERT, and JOHN FISGUS,

                      Defendants.

Civ. No.: 1:22-cv-00976

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Oakfield-Alabama Central School District, Lynn Gehlert, and John Fisgus (hereinafter "Defendants") by and through their attorneys, Webster Szanyi LLP, as and for their Answer to Plaintiff's Amended Complaint state as follows:

        1. Deny the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore deny the same.

        2. Deny the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

        3. Deny the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

    4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint, and therefore deny the same.

    5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint, and therefore deny the same.

    6. Deny the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.  To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore deny the same.

    7. Deny the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.  To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore deny the same.

    8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint, and therefore deny the same.

    9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint, and therefore deny the same.

10. Admit the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Deny the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

12. Admit the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Admit the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Admit the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Deny the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

16. Deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

17. Deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

18. Admit the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Admit that Defendant Gehlert oversees and supervises Plaintiff, but deny that Gehlert has authority to make decisions regarding all terms and conditions of employment and deny the remaining allegations contained in paragraph 19 of the Second Amended Complaint.

20. Deny the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Admit the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Admit the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Admit the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Admit the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Admit the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Deny the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response. To the extent that a response is required, Defendants deny the same.

28.     Deny the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.  To the extent that a response is required, Defendants deny the same.

29.     Deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

30.     Admit the allegations contained in paragraph 30 of the Second Amended Complaint.

31.     Admit the allegations contained in paragraph 31 of the Second Amended Complaint.

32.     Admit the allegations contained in paragraph 32 of the Second Amended Complaint.

33.     Deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     Admit the allegations contained in paragraph 34 of the Second Amended Complaint.

35.     Admit the allegations contained in paragraph 35 of the Second Amended Complaint.

36.     Admit, upon information and belief, the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     Admit, upon information and belief, the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Deny the allegations contained in paragraph 38 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38, and therefore deny the same.

39. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint, and therefore deny the same.

40. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint, and therefore deny the same.

41. Deny the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Second Amended Complaint.

43. Deny the allegations contained in paragraph 43 of the Second Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Second Amended Complaint.

45. Admit that during the 2013-2014 school year a building aide was at times assigned to assist in the Library but deny the remaining allegations contained in paragraph 45 of the Second Amended Complaint.

46. Deny the allegations contained in paragraph 46 of the Second Amended Complaint.

47. Deny the allegations contained in paragraph 47 of the Second Amended Complaint.

48. Deny the allegations contained in paragraph 48 of the Second Amended Complaint.

49. Deny the allegations contained in paragraph 49 of the Second Amended Complaint.

50. Admit the allegations contained in paragraph 50 of the Second Amended Complaint.

51. Admit the allegations contained in paragraph 51 of the Second Amended Complaint.

52. Deny the allegations contained in paragraph 52 of the Second Amended Complaint.

53. Deny the allegations contained in paragraph 53 of the Second Amended Complaint.

54. Admit the allegations contained in paragraph 54 of the Second Amended Complaint.

55. Admit the allegations contained in paragraph 55 of the Second Amended Complaint.

56. Admit the allegations contained in paragraph 56 of the Second Amended Complaint.

57. Deny the allegations contained in paragraph 57 of the Second Amended Complaint.

58. Deny the allegations contained in paragraph 58 of the Second Amended Complaint.

59. Deny the allegations contained in paragraph 59 of the Second Amended Complaint.

60. Deny the allegations contained in paragraph 60 of the Second Amended Complaint.

61. Deny the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Admit the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Admit, upon information and belief, the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Deny the allegations contained in paragraph 64 of the Second Amended Complaint.

65. Deny the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.  To the extent that a response is required, Defendants deny the same.

66. Admit the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Admit the allegations contained in paragraph 67 of the Second Amended Complaint.

68. Admit that Defendants Fisgus and Gehlert explained to Plaintiff that the District had hired a full-time teaching assistant and that the teaching assistant was hired to handle responsibilities concerning teaching and planning, but deny the remaining allegations contained in paragraph 68 of the Second Amended Complaint.

69. Deny that Defendants Fisgus and Gehlert prohibited Plaintiff from providing assistance to the teaching assistant, but deny the remaining allegations contained in paragraph 69 of the Second Amended Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint, and therefore deny the same.

71. Admit the allegations contained in paragraph 71 of the Second Amended Complaint.

72. Admit the allegations contained in paragraph 72 of the Second Amended Complaint.

73. Deny the allegations contained in paragraph 73 of the Second Amended Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint, and therefore deny the same.

75. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of Plaintiff's Second Amended Complaint, and therefore deny the same.

76. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint, and therefore deny the same.

77. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint, and therefore deny the same.

78. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint, and therefore deny the same.

79. Deny the allegations contained in paragraph 79 of the Second Amended Complaint.

80. Deny the allegations contained in paragraph 80 of the Second Amended Complaint.

81. Deny the allegations contained in paragraph 81 of the Second Amended Complaint.

82. Deny the allegations contained in paragraph 82 of the Second Amended Complaint.

83. Deny the allegations contained in paragraph 83 of the Second Amended Complaint.

84. Deny the allegations contained in paragraph 84 of the Second Amended Complaint.

85. Deny the allegations contained in paragraph 85 of the Second Amended Complaint.

86. Deny the allegations contained in paragraph 86 of the Second Amended Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of Plaintiff's Second Amended Complaint, and therefore deny the same.

88. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of Plaintiff's Second Amended Complaint, and therefore deny the same.

89. Deny the allegations contained in paragraph 89 of the Second Amended Complaint.

90. Deny the allegations contained in paragraph 90 of the Second Amended Complaint.

91. Deny the implication contained in paragraph 91 of the Second Amended Complaint that a personal relationship impacted the situation or facts alleged.

92. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of Plaintiff's Second Amended Complaint, and therefore deny the same.

93. Admit that the child's motion sent an email stating the book should not be in an elementary school library, but deny the remaining allegations contained in paragraph 93 of the Second Amended Complaint.

94. Deny the allegations contained in paragraph 94 of the Second Amended Complaint.

95. Deny the allegations contained in paragraph 95 of the Second Amended Complaint.

96. Deny the allegations contained in paragraph 96 of the Second Amended Complaint.

97. Deny the allegations contained in paragraph 97 of the Second Amended Complaint.

98. Deny the allegations contained in paragraph 98 of the Second Amended Complaint.

99. Deny the allegations contained in paragraph 99 of the Second Amended Complaint.

100. Deny the allegations contained in paragraph 100 of the Second Amended Complaint.

101. Deny the allegations contained in paragraph 101 of the Second Amended Complaint.

102. Deny the allegations contained in paragraph 102 of the Second Amended Complaint.

103. Deny the allegations contained in paragraph 103 of the Second Amended Complaint.

104. Deny the allegations contained in paragraph 104 of the Second Amended Complaint.

105. Deny the allegations contained in paragraph 105 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response. To the extent that a response is required, Defendants deny the same.

106. Admit or deny the allegations set forth in paragraphs 1 through 105 as previously admitted or denied.

107. Admit the allegations contained in paragraph 107 of the Second Amended Complaint.

108. Deny the allegations contained in paragraph 108 of the Second Amended Complaint.

109. Deny the allegations contained in paragraph 109 of the Second Amended Complaint.

110. Admit or deny the allegations set forth in paragraphs 107 through 109 as previously admitted or denied.

111. Deny the allegations contained in paragraph 111 of the Second Amended Complaint.

112. Deny the allegations contained in paragraph 112 of the Second Amended Complaint.

113. Deny the allegations contained in paragraph 113 of the Second Amended Complaint.

114. Admit or deny the allegations set forth in paragraphs 111 through 113 as previously admitted or denied.

115. Admit the allegations contained in paragraph 115 of the Second Amended Complaint.

116. Deny the allegations contained in paragraph 116 of the Second Amended Complaint.

117. Admit the allegations contained in paragraph 117 of the Second Amended Complaint.

118. Admit the allegations contained in paragraph 118 of the Second Amended Complaint.

119. Deny the allegations contained in paragraph 119 of the Second Amended Complaint.

120. Deny each and every other allegation not specifically admitted or otherwise specifically referred to above.

121. Deny Plaintiff is entitled to a jury trial.

122. Deny that Plaintiff is entitled to any relief, specifically denying the relief requested in Plaintiff's "Wherefore" paragraph.

## **First Affirmative Defense**

123. Plaintiff's Second Amended Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

## **Second Affirmative Defense**

124. Plaintiff's claims are barred because she failed to exhaust administrative remedies.

### Third Affirmative Defense

125. All decisions affecting Plaintiff's employment were made for legitimate, non-discriminatory reasons.

### Fourth Affirmative Defense

126. Plaintiff's failure to report all of the alleged discrimination and harassment precludes her recovery.

### Fifth Affirmative Defense

127. If Plaintiff has been damaged as alleged in the Second Amended Complaint, said damages were caused in whole or in part by the conduct of persons or entities other than the Defendants over which the Defendants had no authority, control or right of control and for which they are not responsible.

### Sixth Affirmative Defense

128. The Defendants were not the proximate cause of Plaintiff's injuries or damages.

### Seventh Affirmative Defense

129. The District's actions were in accordance with all applicable and valid procedures, policies, laws and regulations, and in accordance with generally accepted standards and practices.

### Eighth Affirmative Defense

130. Plaintiff failed to properly serve the Defendants.

### Ninth Affirmative Defense

131. Plaintiff failed to name a necessary and/or indispensable party.

### Tenth Affirmative Defense

132. Plaintiff's claims are barred by the applicable statute of limitations.

### Eleventh Affirmative Defense

133. To the extent Plaintiff has suffered any damages, her claim may nonetheless be barred in whole or in part to the extent that she failed to mitigate her damages.

### Twelfth Affirmative Defense

134. To the extent Plaintiff has sued the Individual Defendants in their individual capacities, said Defendants were at all times performing discretionary functions within their official capacities, and their conduct, to the extent it occurred as alleged, which is herein expressly denied, did not violate clearly established rights of which a reasonable person would have known. It was objectively reasonable for them to believe that their acts were lawful and did not violate clearly established rights. Therefore, the Individual Defendants are entitled to qualified immunity.

### Thirteenth Affirmative Defense

135. The Individual Defendants, and each of them, denies personal involvement in the alleged wrongdoing.

### Fourteenth Affirmative Defense

136. All actions alleged were taken in good faith and pursuant to the duties and obligations of each Defendant's responsibilities as an employee of the District and were taken without malice or ill will.

16

### Fifteenth Affirmative Defense

137. Neither Plaintiff's age nor disability were the but-for cause or motivating factor of any adverse action allegedly taken by the District.

### Sixteenth Affirmative Defense

138. Plaintiff fails to identify any similarly situated individuals from whom she was treated differently.

### Seventeenth Affirmative Defense

139. Plaintiff's filing of a complaint with the SDHR and EEOC was not the but-for cause of any adverse action allegedly taken by the District.

### Eighteenth Affirmative Defense

140. Plaintiff is not disabled within the meaning of the ADA.

### Nineteenth Affirmative Defense

141. Plaintiff is not an otherwise qualified individual with a disability.

### Twentieth Affirmative Defense

142. Plaintiff was not subject to any adverse action.

### Twenty-first Affirmative Defense

143. Plaintiff was granted a reasonable accommodation.

### Twenty-second Affirmative Defense

144. The District Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves the right to amend this pleading and assert such defenses.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Defendants Oakfield-Alabama Central School District, Lynn Gehlert, and John Fisgus request judgment dismissing Plaintiff's Second Amended Complaint together with the costs and disbursements of this action, and such further relief as the Court deems proper.

Dated: May 10, 2023

        **WEBSTER SZANYI LLP**
Attorneys for Defendants Oakfield-Alabama
Central School District, Lynn Gehlert,
and John Fisgus


By:    *s/Heather L. Dechert*
        Heather L. Dechert
        Michael P. McClaren
424 Main Street, Suite 1400
Buffalo, NY 14202
(716) 842-2800
hdechert@websterszanyi.com
mmcclaren@websterszanyi.com

TO:   **BURKE, SCOLAMIERO & HURD, LLP**
      Attorneys for Plaintiff
      Jeffrey E. Hurd, Esq.
      7 Washington Square
      P.O. Box 15085
      Albany, NY 12212
      (518) 862-1386