UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NANCY J. PALMER,

                        Plaintiff,                Civ. No.: 1:22-cv-00976-CCR

-against-

OAKFIELD-ALABAMA CENTRAL SCHOOL
DISTRICT, LYNN GEHLERT, and JOHN
FISGUS,

                        Defendants.

---

## ATTORNEY AFFIRMATION IN SUPPORT OF NOTICE OF MOTION
## TO BE RELIEVED AS COUNSEL

JEFFREY EARL HURD, ESQ., an attorney admitted to practice before the Western District of New York United States District Court, affirms pursuant to Local Rule 83.2(c)(4) under penalty of perjury and states that:

1.    I am a partner of the law firm of Burke, Scolamiero & Hurd, LLP, attorneys for plaintiff Nancy J. Palmer in the above-captioned matter. My knowledge is based upon my review of the file maintained by my office. As such, I am fully familiar with the pleadings and proceedings had herein.

2.    I submit this affirmation in support of Burke, Scolamiero & Hurd, LLP's motion to be relieved as counsel for Nancy J. Palmer.

3.    Burke, Scolamiero & Hurd, LLP rely on the following exhibits in support of their motion to be relieved of counsel:

    Exhibit A:    Summons and Complaint, filed December 16, 2022;

    Exhibit B:    Amended Complaint, filed March 27, 2023;

Exhibit C:   Second Amended Complaint, filed April 21, 2023;

Exhibit D:   Signed Retainer Agreement, dated October 27, 2022 (submitted in camera and to plaintiff only);

Exhibit E:   Correspondence to Nancy J. Palmer with return of unused portion of retainer payment, dated June 26, 2023 (submitted in camera and to plaintiff only).

4. This matter was commenced with the filing of a Summons and Complaint, filed December 16, 2022. See Exhibit A. Thereafter, an Amended Complaint was filed on March 27, 2023 and a Second Amended Complaint was filed on April 21, 2023. See Exhibits B and C. This matter sounds in employment discrimination.

5. Plaintiff, Nancy J. Palmer, initially retained attorney Steven V. DeBraccio, Esq. for the purposes of this lawsuit.

6. Plaintiff signed a retainer agreement relative to the representation at issue. See Exhibit D.

7. All of plaintiff's contact and initial interaction regarding bringing this lawsuit were with Mr. DeBraccio.

8. As of early April, 2023 Mr. DeBraccio is no longer employed by Burke, Scolamiero & Hurd, LLP.

9. This matter is in the early stages of litigation, with only Complaints having been filed to date.

10. Due to the irretrievable breakdown of the attorney/client relationship, pursuant to the Retainer Agreement signed by plaintiff, Burke, Scolamiero & Hurd, LLP has returned all of the unused portion of plaintiff's retainer via correspondence sent via certified mail, dated June 26, 2023. See Exhibit E.

11. Burke, Scolamiero & Hurd, LLP now seeks to be relieved as counsel for plaintiff based on the irretrievable breakdown of the attorney/client relationship.

12. Withdrawal of counsel is governed by Local Civil Rule 83.2(c)(4).

13. District courts analyze two factors for a motion to withdraw as counsel- the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.

14. "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun,* 722 F.Supp.2d 258, 264 (E.D.N.Y.2010) (quoting *In re Albert,* 277 B.R. 38, 47 (Bankr.S . D.N.Y.2002)).

15. " [T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *United States v. Lawrence Aviation Industries,* No. 06 CV 4818, 2011 WL 601415 (E.D.N.Y. Feb. 11, 2011) (quoting *Casper v. Lew Lieberbaum & Co.,* No. 97 Civ. 3016, 1999 WL 335334 (S.D.N.Y. May 26, 1999)); *accord United States v. Up to $6,100,000 on Deposit in Account No. 15.5876 at Bank Julius Baer Co. (Guernsey Branch),* No. 07 Civ. 4430, 2009 WL 1809992 (S.D.N.Y. June 24, 2009); *D.E.A.R. Cinestudi S.p .A. v. International Media Films, Inc.,* No. 03 Civ. 3038, 2006 WL 1676485 (S.D.N.Y. June 16, 2006); *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.,* No. 01 Civ. 2950, 2005 WL 1963945 (S.D.N.Y. Aug. 15, 2005); *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* No. 96 Civ. 2839, 1997 WL 661146 (S.D.N.Y. Oct. 21, 1997).

16. Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw. *Diarama Trading Co.,* 2005 WL 1963945; *accord D.E.A.R. Cinestudi S.p.A.,* 2006 WL 1676485; *McGuire v. Wilson,* 735 F.Supp. 83, 85 (S.D.N.Y.1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair" although fault for that deterioration was disputed); *see also Benvenisti v. City of New York,* No. 04 Civ. 3166, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6,

2006) ("Although [the client] opposes the application to withdraw it is clear that the attorney-client relationship has broken down, and that the attorney and client lack a certain amount of trust in each other. Under these conditions a termination of the relationship would be in the best interest of both.").

17.     Where discovery in a case has not yet closed and the case is not "on the verge of trial readiness," " prejudice is unlikely to be found." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) (quoting *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224, 1989 WL 88709 (S.D.N.Y. July 31, 1989)); *see also Freund v. Weinstein*, No. 08 CV 1469, 2009 WL 750242 (E.D.N.Y. March 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages."); Karimian v. Time Equities, Inc., No. 10 CIV. 3773 AKH JCF, 2011 WL 1900092 (S.D.N.Y. May 11, 2011).

18.     In the instant matter, the attorney who plaintiff specifically retained for her employment discrimination case at the firm of Burke, Scolamiero & Hurd, LLP, is no longer employed by the firm. The case is in the very early stages, with no discovery having yet taken place. All of the plaintiff's unused retainer has been returned to her. As such, there is no prejudice to the plaintiff.

19.     In the event the instant motion is granted, your affirmant respectfully requests that the plaintiff, Nancy J. Palmer be allowed sixty (60) days to obtain new counsel.

**WHEREFORE**, for the aforementioned reasons, Burke, Scolamiero & Hurd, LLP should be relieved as counsel for plaintiff, Nancy J. Palmer, together with such other relief as may be just and proper.

Dated:  July 7, 2023

_____
JEFFREY EARL HURD, ESQ.