To:     Honorable Judge Reiss, US District Court, 2 Niagara Square, Buffalo NY 14202.

From:   Nancy J Palmer (Plaintiff), 8010 Wilcox Rd., LeRoy, New York 14482. Cell 585-313-4050.

Re:     Notice of Motion to be Relieved as Counsel, filed by Jeffrey Earl Hurd, Esq.,
        For Civ. No. 1:22-cv-00976-CCR.

July 25, 2023

On July 7, 2023 Jeffrey Earl Hurd, Esq. filed a Notice of Motion to be Relieved as Counsel (along with exhibits A through E) to your court.

While I do not object to Burke, Scolamiero & Hurd, LLP being removed as counsel, with all due respect there are a few issues concerning the facts that I feel need to be corrected for the record.

The first fact at hand is the letter I received dated June 26, 2023, contained in Exhibit E of Hurd's Notice of Motion to be Relieved as Counsel. At the end of the first paragraph it states, "You have since discharged us as your attorneys." This statement is not accurate, as indicated in the Motion, page 4, item 18 the attorney who was handling my case is no longer employed by the firm. To my knowledge he left the firm on April 1, 2023. I was not informed of this until May 31, 2023 (just shy of 2 months later), at which point Mr. Hurd stated to me by phone that his firm is not able to handle employment law cases without Stephen DeBraccio, who was the attorney with whom I had exclusively been communicating. Mr. Hurd stated clearly to me that his firm was not able to continue with my case, because of the departure of Mr. DeBraccio. You will find copies of emails dated June 29, July 9, and July 14 of 2023 enclosed herein. These were my many attempts to correct the misrepresented facts in the letter in Exhibit E.

The second fact that needs to be acknowledged for the record is contained in the e-mail that is dated Monday, July 24, 2023. At the bottom of that document, you will see the very short message Mr. Hurd included when he emailed me the attachment containing the response from the defendants. Their response is dated May 10, 2023 (see attached cover sheet herein "Answer to Second Amendment Complaint"). As you can see in my e-mail response to Mr. Hurd, I am questioning why it took nearly three months for him to provide that response to me, given the fact that legally Burke, Scolamiero and Hurd, LLP are still my defense counsel, until you rule otherwise. I am not an attorney, and I don't know if receiving a response from the defendant is considered part of discovery or not, but I find it a little troublesome the long delay in providing me with documentation to which I am entitled. Additionally, if it is part of discovery, and the defendants' response is dated May 10, 2023, this firm has been negligent in the handling of my documents. On May 31, 2023 by phone Mr. Hurd stated to me the defendants had not yet responded to my complaint, and by phone again in mid-June he made the same statement to. Furthermore, he stated that when the response did arrive he would provide it to me. I don't suppose that

meant he could provide it to me whenever he felt like it, for example almost three months after it had been filed with the court.

The final piece of Mr. Hurd's motion may be damaging to my reputation in the eyes of the court, and certainly for this case. Specifically, I am referring to the statement on page two, item 10, "Due to the irretrievable breakdown of the attorney-client relationship..." Additionally troubling are the highly negative case filings that he has referred to in items 14 through 17, on pages 3 and 4. Is it the case under these circumstances where the attorney who handles employment law has left the firm, that there has been an "... irretrievable breakdown of the attorney/client relationship"? I don't know the answer to this question. But if that is the case, I'm not the one at fault here. The statement in the letter (Exhibit E) "You have since discharged us as your attorneys," and the way this motion is written both point to me as being the problem. I take issue with this as I did not discharge Burk, Scolamiero and Hurd, LLP as my counsel. Furthermore, I am not the reason why Mr. DeBraccio left the firm, nor am I the reason why they do not handle employment law. Would it not be fair, honest and just for there to be absolute clarification that I am not the problem here?

Clearly, had the first inaccurate statement not been written (Exhibit E), and had my very first email to Kevin Burke dated June 29, 2023, been responded to appropriately, I would not have had to write this letter and we would not be at this juncture. Given the way that this firm has handled my documents, and the manner in which they have written this motion painting me to be the problem, I certainly do not want to continue with this law firm. But I want to be very clear - I make this statement in retrospect and with hindsight. It was not my choice [as their letter states (Exhibit E)] to discharge them as my defense counsel.

With all due respect to the Honorable Judge Reiss and to the court,

Nancy J Palmer


Cc:   Jeffery Earl Hurd, Esq.
Burk, Scolamiero and Hurd, LLP
7 Washington Square/P.O. Box 15085
Albany, NY 12212-5085

Palmer vs. Oakfield-Alabama CSD, Gehlert, & Fisgus, Case No. 1:22-CV-00976-CCR

From: flacamatic flacamatic (flacamatic@frontier.com)
To: kevin@bshlaw.us
Cc: sdebraccio@bshlaw.us
Date: Thursday, June 29, 2023 at 12:36 PM EDT

Hello Kevin,

I have received the refund check and wanted to thank you for getting it to me.

Your accompanying letter states, "You have since discharged us as your attorneys." This is not accurate, I did not discharge your firm, and documentation needs to accurately reflect that fact. Jeff Hurd and Steven DeBraccio contacted me. We had a phone conversation on May 31, 2023 at 6:30 PM, during which Jeff informed me that Steven had left your firm, and that your firm could not handle my case without Steven.

Because of this your firm represents me until I secure new legal counsel, of which I am in the process. That being the case, isn't it your obligation to petition the court, on my behalf, reflecting this fact and requesting that some legal provision be made to accommodate the fact that your firm is declining to continue my case?

Your response would be greatly appreciated,
Nancy J. Palmer
585-313-4050

## Re: Automatic reply: Palmer vs. Oakfield-Alabama CSD, Gehlert, & Fisgus, Case No. 1:22-CV-00976-CCR

From: flacamatic flacamatic (flacamatic@frontier.com)

To: pete@bshlaw.us; kevin@bshlaw.us; sdebraccio@bshlaw.us; jeff@bshlaw.us

Date: Sunday, July 9, 2023 at 06:58 PM EDT

Hello Kevin,

I have received the refund check and wanted to thank you for getting it to me.

Your accompanying letter states, "You have since discharged us as your attorneys." This is not accurate, I did not discharge your firm, and documentation needs to accurately reflect that fact. Jeff Hurd and Steven DeBraccio contacted me. We had a phone conversation on May 31, 2023 at 6:30 PM, during which Jeff informed me that Steven had left your firm, and that your firm could not handle my case without Steven.

Because of this your firm represents me until I secure new legal counsel, of which I am in the process. That being the case, isn't it your obligation to petition the court, on my behalf, reflecting this fact and requesting that some legal provision be made to accommodate the fact that your firm is declining to continue my case?

Your response would be greatly appreciated,
Nancy J. Palmer
585-313-4050


On Sunday, July 9, 2023 at 06:55:04 PM EDT, flacamatic flacamatic <flacamatic@frontier.com> wrote:

Hello Kevin,

I have received the refund check and wanted to thank you for getting it to me.

Your accompanying letter states, "You have since discharged us as your attorneys." This is not accurate, I did not discharge your firm, and documentation needs to accurately reflect that fact. Jeff Hurd and Steven DeBraccio contacted me. We had a phone conversation on May 31, 2023 at 6:30 PM, during which Jeff informed me that Steven had left your firm, and that your firm could not handle my case without Steven.

Because of this your firm represents me until I secure new legal counsel, of which I am in the process. That being the case, isn't it your obligation to petition the court, on my behalf, reflecting this fact and requesting that some legal provision be made to accommodate the fact that your firm is declining to continue my case?

Your response would be greatly appreciated,
Nancy J. Palmer
585-313-4050

On Thursday, June 29, 2023 at 12:37:01 PM EDT, Peter M. Scolamiero <pete@bshlaw.us> wrote:

Please note, I will be out of the office starting Friday, 6/23/2023, and will be returning on Monday, 7/3/2023. I will have limited access to email. If you require immediate assistance, please contact my assistant, Alexis Sanchez, at 518-862-1386 or asanchez@bshlaw.us.

Thank you,

Peter M. Scolamiero

Burke, Scolamiero & Hurd, LLP

Nancy J Palmer VS. Oakfield-Alabama CSD, Lynn Gehlert, & John Fisgus, Civil case number 1:22-CV-00976-CCR

From: flacamatic flacamatic (flacamatic@frontier.com)
To: jeff@bshlaw.us; kevin@bshlaw.us; pete@bshlaw.us
Date: Friday, July 14, 2023 at 05:43 PM EDT

On Monday, July 10, 2023 I received the documentation for the motion for your firm to be relieved as my counsel. As I have made very clear in my previous emails, I believe your firm is creating a misrepresentation of the facts.

I at no point asked for you to be discharged as my counsel, as was stated in a letter to me from Kevin Burke. Contrary to this, Steven DeBraccio initiated a conference call with Jeff Hurd and me on May 31, 2023 at 6:30 PM, to tell me that Steven nor your firm were able to continue representing me because Steven had left the firm. Furthermore, you expressed to me during that phone conversation that your firm was not equipped to deal with these kinds of employment law cases without Steven DeBraccio.

In the first paragraph of the letter from Kevin Burke, dated June 26, 2023, it clearly falsely states, "You have discharged us as your attorneys." Also during the phone conversation on May 31st, I asked Jeff Hurd if the firm needed to ask the court/judge permission to be relieved of my case, and he gave me a resounding, "No, we don't need to do that."

I'm not sure how it's possible for your motion to the court stating that your firm, "... seeks to be relieved as counsel for plaintiff based on the irretrievable breakdown of the attorney/client relationship" to be an accurate representation of the facts if your letter to me states, "You have discharged us as your attorneys." How can both of these scenarios exist simultaneously? It is true that your firm is attempting to be relieved of my case, for which I apparently have not choice in the matter, but NOT for the reasons that you state in Kevin's letter to me, which is contrary to what is stated in the motion to the court which is also not accurate.

Not only do I see a misrepresentation of the facts, but it appears you are adding difficulty to my federal case by discrediting me in the eyes of court and the defendants, as I infer this documentation will be shared with the defendants' attorney. Not in a million years would I ever have imagined that my counsel would do this to a client, given that your firm cannot accommodate employment discrimination cases without Steven DeBraccio.

I am terribly confused as to why you might want to discredit me.

Please respond,
Nancy J Palmer

## Re: Nancy Palmer

From: flacamatic flacamatic (flacamatic@frontier.com)
To:  jeff@bshlaw.us
Date: Monday, July 24, 2023 at 06:14 PM EDT

Jeff,

Thank you for forwarding this to me. Much time has been waisted, and I wish that you had been just a little more careful with the handling of the legal documents concerning my case.

On May 31, 2023 you, Steven DeBraccio and I had a conference call be phone. During this call you informed me that the defendants had not yet responded to the second amended compliant, while in fact their response was filed with the Western District Court of New York on May 10, 2023, 3 weeks prior to this conference call. Perhaps it is possible that at that point your office had not yet been made aware of the defendants' response.

A little over two week later you and I spoke by phone, and again you reported to me that a response had not yet been received, but that your office would forward that response to me upon your receiving it. At that point it had been over 5 weeks since the defendants' representatives had file their response to my complaint.

Now, to date, it is just shy of 3 months since the defendants filed their response. I wonder, had I not called your office today with the information that they filed on May 10, 2023, would you have followed through in getting this email to me? The way I am being treated by my legal representative (as you are legally still that) is very disappointing. This goes without mentioning how you have handled the Notice of Motion to Withdraw as Counsel. I have already communicated to you via email concerning your tactics on this matter.

Nancy J Palmer
Civ. No.: 1:22-cv-00976-CCR
File No.: 6245.001

On Monday, July 24, 2023 at 01:39:03 PM EDT, Jeffrey E. Hurd <jeff@bshlaw.us> wrote:

Nancy,

I received your message.  Attached is a copy of the defendant's answer.

Jeff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY J. PALMER,

                   Plaintiff,

v.

                                      Civ. No.: 1:22-cv-00976

OAKFIELD-ALABAMA CENTRAL SCHOOL
DISTRICT, LYNN GEHLERT, and JOHN
FISGUS,

                   Defendants.

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Oakfield-Alabama Central School District, Lynn Gehlert, and John Fisgus (hereinafter "Defendants") by and through their attorneys, Webster Szanyi LLP, as and for their Answer to Plaintiff's Amended Complaint state as follows:

    1.    Deny the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore deny the same.

    2.    Deny the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.

    3.    Deny the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint because the allegations are legal conclusions as opposed to factual, and therefore do not require a response.



U.S. POSTAGE PAID
FCM LETTER
LE ROY, NY 14482
JUL 25, 2023
$5.25
R2304H107886-09

USDC - WDNY
JUL 27 2023
BUFFALO

U.S. District Court
Judge Reiss
2 Niagara Square
Buffalo, NY 14202

Nancy Palmer
8010 Wilcox Rd
Le Roy, NY 14482-9112

7022 0410 0001 1918 2547

CERTIFIED MAIL