UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY J. PALMER,

                        Plaintiff,

v.

                                          Civ. No.: 1:22-cv-00976

OAKFIELD-ALABAMA CENTRAL
SCHOOL DISTRICT, LYNN GEHLERT,
and JOHN FISGUS,

                        Defendants.

# CASE MANAGEMENT ORDER
### (Proposed)

Pursuant to Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference with counsel having been held on March 18, 2024, it is **ORDERED** that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution ("ADR"),[1] this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed by no later than **not applicable.**

3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **completed.**

4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court by no later than **June 10, 2024**. If the parties do not file a stipulation confirming

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

their selection of a mediator by this deadline, the court will select a mediator in accordance with § 5.4(C)(2) of the ADR Plan.

5. All motions to join other parties and to amend the pleadings shall be filed by no later than **June 10, 2024**.

6. The initial mediation session shall be held by no later than **August 29, 2024.**

7. All fact discovery shall be completed by no later than **November 20, 2024**.  If discovery disputes arise, the parties shall initially advise the court of the dispute via letter (copying opposing counsel).  Upon review of the letter, the court will generally schedule a conference with the parties to attempt to resolve the issue informally.  If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion.  This informal discovery dispute resolution process is not expedited motion practice.  Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions.  Parties do not waive arguments by failing to raise them in their letter submissions.

8. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **December 10, 2025**.  Each party intending to offer other expert testimony (i.e., testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify

such expert(s) and provide reports pursuant to Rule 26 by no later than **January 10, 2025**.

9. All expert depositions shall be completed by no later than **February 5, 2025**.

10. Pretrial dispositive motions, if any, shall be filed by no later than **March 5, 2025**. The parties are directed to provide a courtesy copy of all motion papers to the court. Responses to pretrial dispositive motions shall be filed no later than **45 days after filing of the dispositive motions.**

11. If no pretrial dispositive motions are filed, the parties shall contact the court by **March 7, 2025** to schedule a trial date.

12. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until **November 22, 2024**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any application for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000).

SO ORDERED.

Dated this __ day of _____, 2024.

_____
Christina Reiss, District Judge
United States District Court